✎JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

H.D.N. Corporation d/b/a Car Care Tech

**DEFENDANTS**

Autozone Texas, L.P.

**(b)** County of Residence of First Listed Plaintiff   Harris County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Shelby County, Tenn
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Ren Patrick Rigby, Jr., Sprott Rigby Newsom Robbins & Lunceford, P.C., 2211 Norfolk, Suite 1150, Houston,Texas 77098; 713523833◼

Attorneys (If Known)

Simon D. Whiting, Burford & Ryburn, L.L.P., 3100 Lincoln Plaza, 500 N. Akard, Dallas, Texas 75201, 214-740-3119   ◼

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☒ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:
Negligent hiring, supervision and/or management; ratification; conversion; theft; vicarious liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

| | |
|---|---|
| DATE  12/26/2012 | SIGNATURE OF ATTORNEY OF RECORD  /s/ Simon D. Whiting |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **H.D.N. CORPORATION d/b/a** | § | |
| **CAR CARE TECH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.:** |
| | § | |
| **AUTOZONE TEXAS, L.P.,** | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL OF DEFENDANT AUTOZONE TEXAS, L.P.

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:**

Defendant, AutoZone Texas, L.P. ("AutoZone"), files this Notice of Removal of this case from the 281st Judicial District Court in and for Harris County, State of Texas, where it is now pending, to the United States District Court for the Southern District of Texas. As the basis for removal, Defendant respectfully represents that:

1.  On or about November 15, 2012, Plaintiff commenced an action against AutoZone, Texas, L.P. in the 281st Judicial District Court in and for Harris County, State of Texas entitled "H.D.N. v. AutoZone Texas, L.P." Cause No. 2012-68158. On November 29, 2012, CT Corporation System upon whom service had been made on November 29, 2012, forwarded a copy of the Citation and Plaintiff's Original Petition to Defendant by FedEx 2 day delivery. Defendant received a copy of same on December 3, 2012. Attached hereto as Exhibit "A" is an Index of Documents Filed in State Court. Exhibit "A-1" is a certified copy of the Docket Sheet from the state court. Exhibit "A-2" is a certified copy Plaintiff's Original Petition and Request for Disclosure. Exhibit "A-3" is a certified copy of Harris County District Court Civil Case

Information Sheet.  Exhibit "A-4" is a certified copy of Citation.  Exhibit "A-5" is a certified copy of Certified Mail Receipts to AutoZone Texas L.P.  Exhibit "A-6" is a certified copy of Defendant's Original Answer.  Exhibit "B" is a list of all counsel of record, including addresses, telephone numbers and parties represented.

2.      Removal of this action is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332 based upon the parties' diversity of citizenship and the amount in controversy, exclusive of interest and costs.  This Notice of Removal is filed within thirty (30) days of receipt of the Plaintiff's Original Petition and is timely filed under 28 U.S.C. § 1446(b).

3(a)     Where there is complete diversity among parties and where the amount in controversy exceeds $75,000, an action may be removed to federal court.  28 U.S.C. § 1332. Plaintiff is a citizen of the State of Texas.  Original Petition at ¶ 2.  AutoZone Texas, L.P. is a foreign corporation.  AutoZone Texas, L.P. is incorporated under the laws of Delaware with its principal office in Memphis, Tennessee.  Therefore, AutoZone Texas, L.P. is not a citizen of the State of Texas for diversity purposes.  According, there is complete diversity among the parties.

3(b).   In the present case, Plaintiff does not plead the amount it alleges it has been damaged.  Original Petition ¶¶ 38, 39, 40 and 41.  When a plaintiff does not allege a specific amount of damages, to invoke diversity jurisdiction on removal the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  See *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.1998).  A defendant may carry its burden by showing that it is facially apparent from the petition that plaintiff's claims are likely to exceed $75,000 or by presenting summary-judgment-type evidence that the amount in controversy is likely to exceed $75,000.  *Id.*  These tests are applied in order, and only if the "facially apparent" test is not met, will a court require "summary judgment-type" evidence of the amount in

controversy. *Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, 2002 WL 1939917, at *2-3 (5th Cir.2002); *Gipson v. Wal-Mart Stores, Inc.*, 2008 WL 4844206 (S.D. Tex. Nov. 3, 2008).

To determine the amount in controversy, the court may consider actual damages, exemplary damages and attorney's fees. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

Plaintiff alleges Defendant is liable for alleged acts of theft committed by an employee of Defendant pursuant to theories of negligent hiring, supervision and/or management, ratification, common law conversion, the Texas Theft Liability Act, and vicarious liability. Plaintiff further alleges damages as a result of such alleged violations. Original Petition ¶¶ 38, 39, 40 and 41. Plaintiff seeks actual damages, additional statutory damages of $1,000, exemplary damages, prejudgment and post-judgment interest, statutory interest, attorney's fees and court costs. Original Petition at ¶¶ 33, 39, and 40. Given the nature of Plaintiff's allegations and the damages Plaintiff seeks, it is facially apparent that the amount in controversy exceeds $75,000.00. See *Bourne v. Wal-Mart Stores, Inc.*, 2008 WL 4696932 at *8-9. Accordingly, the amount in controversy requirement is satisfied.

3(c).    Said action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) in that the United States District Court for the Southern District of Texas, Houston Division, embraces the place where such action is pending.

4.    Pursuant to 28 U.S.C. § 1446(a) and to L.R. 81 of the Local Rules of the United States District Court for the Southern District of Texas, Defendant has attached hereto all process, pleadings, and orders served on AutoZone in the State Court.

5.     This Notice of Removal is proper pursuant to the provisions of 28 U.S.C. § 1446(b) in that it is being filed within thirty (30) days after the receipt by AutoZone of a copy of the Plaintiff's Original Petition from which it could first be ascertained that the case is one which is or has become removable.

6.     AutoZone desires and is entitled to have this cause removed from the 281st Judicial District Court in and for Harris County, State of Texas, to the United States District Court for the Southern District of Texas, Houston Division, such being the District where said suit is pending.

7.     Written notice of the filing of this Notice of Removal will be given to adverse parties as required by law.

8.     A true copy of this Notice of Removal will be filed with the Clerk of the 281st Judicial District Court in and for Harris County, State of Texas, as required by law.

WHEREFORE, AutoZone Texas, L.P., prays that the above action now pending against it in the 281st Judicial District Court in and for Harris County, State of Texas, be removed therefrom to this Court.

Respectfully submitted,

BURFORD & RYBURN, L.L.P.

By:     /s/ Simon D. Whiting
        SIMON D. WHITING
        Texas State Bar No.: 21373600
        HEATHER D. JOHNSON
        Texas State Bar No.: 24053694

        3100 Lincoln Plaza
        500 North Akard Street
        Dallas, Texas 75201-6697
        Telephone: 214-740-3119
        Facsimile: 214-740-2832
        Email: swhiting@brlaw.com

        ATTORNEYS FOR DEFENDANT AUTOZONE
        TEXAS, L.P.

## <u>CERTIFICATE OF SERVICE</u>

      In keeping with Rule 5 of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served upon Plaintiff's counsel of record via:

     ✓      Certified Mail/Return Receipt Requested
    _____    Telephonic Document Transfer (Facsimile)
    _____    Federal Express/Express Mail
    _____    Courier/Receipted Delivery
    _____    Registered Mail/Return Receipt Requested
    _____    Hand Delivery (In Person)
    _____    First Class Mail
    _____    Email

DATED:  December 26, 2012.

                    /s/ Simon D. Whiting_____

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **H.D.N. CORPORATION d/b/a**<br>**CAR CARE TECH,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.:** |
| | § | |
| **AUTOZONE TEXAS, L.P.,** | § | |
| | § | |
| **Defendant.** | § | |

---

## DEFENDANT AUTOZONE TEXAS, L.P.'S
## INDEX OF DOCUMENTS FILED IN STATE COURT

Pursuant to Local Rule 81.1(a)(3)(A), Defendant AutoZone Texas, L.P., respectfully submits this Index of Documents Filed in State Court in support of its Notice of Removal:

| | **DOCUMENT** | **DATE FILED IN STATE COURT** |
|---|---|---|
| 1. | Docket Sheet in State Court | |
| 2. | Plaintiff's Original Petition and Request for Disclosure | 11/15/12 |
| 3. | Civil Case Information Sheet | 11/15/12 |
| 4. | Citation | 11/21/12 |
| 5. | Certified mail receipt and tracking number | 12/04/12 |
| 6. | Defendant's Original Answer | 12/18/12 |



EXHIBIT
tabbies
A

---

| Notes Color Key: | Private | Court | Docket Sheet |
|---|---|---|---|

Pr

**Case:** 201268158 - 7   **Status:** Active - Civil Court: 281 File Dt: 11/15/2012
**Type:** DAMAGES (OTHER)
**Style:** H D N CORPORATION (D/B/A CAR CARE TECH) vs AUTOZONE TEXAS LP

## Docket Sheet Entries   ( Add )   ( Save/Group )

Total Items: 0

Note Type Filter:

| Active | Posting Date | Comments | Last Mod User | History | Group |
|---|---|---|---|---|---|
| | | No Items Found | | | |
| | | 1 | | | |

## Trial Settings   ( Add )

| Active | Signed Date | Comments | Last Mod User | History | Group |
|---|---|---|---|---|---|
| | | No Items Found | | | |
| | | 1 | | | |

**EXHIBIT**
A-1

Filed 12 November 15 P3:59
Chris Daniel - District Clerk
Harris County
ED101J017185541
By: Nelson  Cuero

## 2012-68158 / Court: 281

CAUSE NO. _____

| | | |
|---|---|---|
| H.D.N. Corporation d/b/a Car Care Tech ("Plaintiff") | § § § | IN THE DISTRICT COURT OF |
| V. | § § § | HARRIS COUNTY, TEXAS |
| AutoZone  Texas, LP ("Defendant") | § § § | _____JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES H.D.N. CORPORATION D/B/A CAR CARE TECH ("Plaintiff"), hereinafter referred to as Plaintiff, complaining of AUTOZONE TEXAS, LP ("Defendant" or "Autozone"), and respectfully shows this Honorable Court the following:

**I.**

**Discovery**

1.     Plaintiff intends to conduct discovery under Level 3, Texas Rule of Civil Procedure 190.4.

**II.**

**Parties**

2.     Plaintiff is a Texas corporation formed under the laws of the State of Texas with its principal place of business located at 11827 Chimney Rock Road, Houston, Texas 77035-4411.

3.     Defendant, Autozone Texas, LP, is a limited partnership formed in Delaware. Its principal place of business is 3030 Poplar Avenue, Memphis, Tennessee 38111.

EXHIBIT
tabbies
A-2

Service of process may be obtained by serving its Registered Agent for Service CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710. Plaintiff requests issuance of citation and service upon Autozone Texas, LP.

4       It has become necessary to bring this action because of damages sustained by Plaintiff during Plaintiff's business relationship with Defendant in Harris County, Texas.

## III.

### Jurisdiction

5.      This court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6.      This court has jurisdiction over Autozone, LP because this Defendant engages in business transactions in the state of Texas, and Plaintiff's causes of action arise out of this Defendant's business transactions in the state of Texas.

## IV.

### Venue

7.      Venue is proper in Harris County as the county in which the events giving rise to this lawsuit occurred in Harris County.   Tex. Civ. Prac. & Rem. Code § 15.002. Further, venue is proper in Harris County as the county where Defendant has stores, offices, and conducts business.

## V.

### Facts

8.      This lawsuit arises out of acts of theft committed by an employee of Autozone Texas, LP against the Plaintiff.   The acts of theft took place in a continuing course of

Certified Document Number: 53949990 - Page 2 of 11

activity over approximately 4-5 years.  Said acts were only discovered by Plaintiff approximately one year ago.

9.     Plaintiff brought these events to the attention of a representative of Autozone in January 2012.  Plaintiff's representative contacted Rick Duran and presented a completed fraud affidavit.  Mr. Duran ignored this, and eventually stopped accepting phone calls from Hiep Nguyen.

10.     Eventually, the general manager in "customer satisfaction," Jerry Carrier, and Jim Stone, area sales manager in "customer satisfaction," met with Hiep Nguyen. These gentlemen would not entertain Mr. Nguyen's complaints informing Mr. Nguyen that he was out of luck and that they had lawyers to defend matters such as this.  As a result, this lawsuit followed.

11.     The acts of theft were performed repeatedly by "Douglas" (last name unknown), an employee of Autozone.

12.     Car Care Tech purchased auto parts from Autozone on almost a daily basis. Purchases totaled approximately $5,000.00 per month.  Douglas would routinely charge Car Care Tech for items it did not purchase.  Due to numerous items on each invoice, these discrepancies were not discovered by Plaintiff until November, 2011. Upon information and belief, Douglas would then "resell" the item in question to random individuals for cash.

Certified Document Number: 53949990 - Page 3 of 11

## VI.

## Causes of Action

### A. Negligent Hiring, Supervision and/or Management

13.     Plaintiff alleges and incorporates by reference the allegations set forth in paragraph 8 through paragraph 12 of this Original Petition, the same as if fully set forth herein.

14.     Plaintiff will show that the Defendant owed a duty to its clients and customers, including Plaintiff, to exercise ordinary care in the hiring of competent employees, and in the supervision and management of said employees.

15.     Defendant is guilty of negligent hiring because Defendant owed Plaintiff a duty to properly hire, train, supervise and retain their employees.  Defendant breached the duty of care owed to Plaintiff in the following ways:

1.     Hiring and employing a criminal, for a position with great independence, responsibility and access to customer money;

2.     Failing to ensure that its employee was qualified for a job that required special skills;

3.     Failing to properly train its employee;

4.     Failing to properly supervise its employee;

5.     Failing to properly remain knowledgeable about its employee's competence, fitness and conduct.

16.     Each of the above acts and/or omissions alone or in combination are a direct and proximate cause of the Plaintiff's damages.

17.     Plaintiff would further show that Defendant failed to use ordinary care in these respects, including, but not limited to, failing to properly investigate potential job applicants, failing to properly supervise Defendant's personnel, failing to implement adequate safeguards to prevent the situation that resulted in Plaintiff's damages, and failing to provide adequate oversight and cross-checks for such employees.  These conditions created an environment in which theft from customers was likely and reasonably foreseeable to occur, and which did in fact occur in the course of the transactions involving Plaintiff described above, which proximately caused the damages sustained by Plaintiff herein, and for which Plaintiff hereby sues.

18.     Defendant's breach of duty proximately caused injury to Plaintiff, because without such negligent acts and/or omissions Plaintiff would not have suffered damage as a result of having money stolen from Plaintiff.   This theft and damage was foreseeable to Defendant as a result of the improper hiring, supervising, training and retaining of its employee because theft is exactly the form of damage to be reasonably expected by hiring an unqualified, untrustworthy criminal, and leaving him unsupervised with the ability to steal from customers. Defendant breached these duties by doing so, and accordingly is guilty of negligent hiring.

**B. Ratification**

19.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs numbered 8-12 of this Petition, the same as if fully set forth herein.

20.     In the alternative and in addition to the foregoing, whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that Defendant's officers, agents, partners, servants, principals, vice principals, borrowed servants, employees

Certified Document Number: 53949990 - Page 5 of 11

or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, partners, servants, principals, vice principals, borrowed servants, employees or representatives duty or capacity.  Defendant is vicariously liable for the acts of his officers, agents, partners, servants, principals, vice principals, borrowed servants, employees or representatives because of an employer-employee or agency by estoppels, or the borrowed servant doctrine.

**C.    Common Law Conversion**

21.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 8-12 of this Original Petition, the same as if fully set forth herein.

22.    Defendant is liable for the conversion of Plaintiff's property (money) because one of Defendant's employees wrongfully acquired possession of Plaintiff's property (money) by taking it without Plaintiff's consent.

23.    As such, Defendant has unlawfully exercised dominion and control over Plaintiff's property (money) for an indefinite time, in denial of and inconsistent with Plaintiff's rights to said property (money).

24.    Accordingly, Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court for which Plaintiff now seeks recovery.

25.    Plaintiff is also entitled to interest on the value of the converted property (money), at the prejudgment rate of interest.

26.    Defendant's conversion of the property (money), as alleged above, was fraudulent and malicious in that Defendant specifically intended to cause substantial

injury to Plaintiff.    Accordingly, Plaintiff asks that exemplary damage be awarded against the Defendant.

**D.      Theft Liability Act**

27.      Plaintiff reallages and incorporates by reference the allegations set forth in paragraphs 8-12 of this Original Petition, the same as if fully set forth herein.

28.      Plaintiff brings this action under the Texas Theft Liability Act for an unlawful appropriation of property under Tex. Penal Code § 31.03.

29.      Plaintiff owns and has lawful right to possession of the property.

30.      Defendant unlawfully appropriated Plaintiff's property in violation of Texas Penal Code.

31.      Defendant's unlawful appropriation was made with the intent to deprive Plaintiff of its property rights in the Property.

32.      Defendant's wrongful conduct caused injury to Plaintiff, which resulted in the damages in excess of the minimum damages of this Court.

33.      Upon proof of actual damages, Plaintiff is entitled to additional statutory damages of up to $1,000 from Defendant under Tex. Civ. Prac. & Rem. Code § 134.005(a)(1).

34.      Plaintiff' injury resulted from the intentional acts of Defendant and or its employees and representatives, which entitles Plaintiff to exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a).

35.      Further, Plaintiff has been forced to retain the undersigned counsel to prosecute its claims and is also entitled to compensation for the reasonable and

necessary attorney's fees, which it has incurred bringing this claim pursuant to Tex. Civ. Prac. & Rem. Code § 134.005(b).

**E.      Vicarious Liability**

36.      Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 8-12 of this Original Petition, the same as if fully set forth herein.

37.      All of the specific acts complained of herein are attributable to the individual conduct of Defendant, individually, and/or as agents, servants, representatives, partners, shareholders, employees, officers, vice principals and/or managers.  The liability and responsibility of individual Defendants is vicarious and joint and several.  Also, at all times material, all Defendants, whether acting directly, or indirectly are vicariously liable for each and every act and omission of its agents, whether acting with actual or apparent authority and to the extent it ratified those acts and omissions that were outside the authority of its representatives.  Further, Plaintiff was a customer of Defendant and was entitled to absolute fidelity from Defendant because of his duties owed to Plaintiff.  Therefore Defendant is vicariously liable for each and every authorized act of his agents, servants, representatives, partners, shareholders, employees, officers, vice principals and/or managers.

**VII.**

**Damages**

38.      Plaintiff sustained damages as a direct result of Defendant's acts as described above in excess of the minimum jurisdictional limits of this court.

39.      Upon the trial of this case, it shall be shown Plaintiff was caused to sustain damages as a result of Defendant's conduct.  Plaintiff respectfully requests the Court

and jury award the amount of loss Plaintiff has incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for the injuries, damages and losses incurred and to be incurred. From the date of the first occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, pre-judgment interest, post-judgment interest, court costs, attorneys' fees, statutory interest and exemplary and punitive damages.

## VIII.

## Attorneys' Fees

40.     Plaintiff has retained the undersigned law firm to represent the Plaintiff in this action and has agreed to pay the firm a reasonable fee for necessary services. An award of attorney's fees to the Plaintiff would be equitable and just and authorized by Tex. Civ. Prac. & Rem. Code § 134.005.

41.     Plaintiff is entitled to recover attorney's fees in a sum that is reasonable in relation to the amount of work expended. In this connection, Plaintiff will show that the attorneys whose names are subscribed to this pleading have been employed to assist Plaintiff in the prosecution of this action, as well as appeals to any appellate court and the Texas Supreme Court.

Certified Document Number: 53949990 - Page 9 of 11

## IX.

### Request for Disclosure

Pursuant to Texas Rule of Civil Procedure 194.2, Defendant is requested to disclose within fifty (50) days of this request, the information and material described in Texas Rule of Civil Procedure 194.2 (a)-(l).

## X.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, H.D.N. CORPORATION D/B/A CAR CARE TECH, prays this Honorable Court issue citation for Defendant to appear and answer herein and that following the date for which the answer is due Plaintiff be awarded a judgment against Defendant for the following:

a.    Actual damages;

b.    Exemplary damages;

c.    Reasonable and necessary attorney's fees and costs of suit;

d.    Pre-judgment interest;

e.    Post-judgment interest; and

f.    All such other and further relief, general and special, at law and in equity,

to which Plaintiff may be justly entitled and for which Plaintiff will forever pray.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, that on final trial hereof Plaintiff have:

1.    Judgment against Defendant in a sum in excess of the minimum jurisdictional limits of this Honorable Court.

2.    Pre-judgment interest at the legal rate.

Certified Document Number: 53949990 - Page 10 of 11

3.   Post-judgment interest at the legal rate until paid.

4.   Costs of Court.

5.   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

SPROTT, RIGBY, NEWSOM, ROBBINS,
& LUNCEFORD, P.C.

BEN PATRICK RIGBY, JR.
State Bar No. 16916100
2211 Norfolk, Suite 1150
Houston, Texas 77098
(713) 523-8338
(713) 523-9422 (FAX)
ATTORNEYS FOR PLAINTIFF



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 18, 2012

Certified Document Number:        53949990 Total Pages:  11

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Filed 12 November 15 P3:59
Chris Daniel - District Clerk
Harris County
ED101J017185541
By: Nelson Cuero

2012-68158 / Court: 281

**CIVIL CASE INFORMATION SHEET**

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____     COURT *(FOR CLERK USE ONLY):* _____

STYLED _____
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Ren Patrick Rigby, Jr.   Email: rigby@sprottrigby.com | Plaintiff(s)/Petitioner(s): HDN Corp. d/b/a Car Care Tech | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address: 2211 Norfolk, Suite 1150   Telephone: 7135238338 | | Additional Parties in Child Support Case: |
| City/State/Zip: Houston, TX 77098   Fax: 7135239422 | Defendant(s)/Respondent(s): AutoZone Texas, LP | Custodial Parent: _____<br>Non-Custodial Parent: _____ |
| Signature: /s/   State Bar No: 16916100 | [Attach additional page as necessary to list all parties] | Presumed Father: _____ |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law |
|---|---|---|---|

| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
|---|---|---|---|---|
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| *Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product: ___<br><br>☐ Other Injury or Damage: ~~Theft~~ | **Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | **Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | **Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**EXHIBIT**

A-3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 18, 2012

Certified Document Number:      53949991 Total Pages:  1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 201268158

CONFIRMED FILE DATE: 11/21/2012

| RECEIPT NO. 449781 | 70.00 | CTM |
| 11-15-2012 | TR # 72847307 | |

PLAINTIFF: H D N CORPORATION (D/B/A CAR CARE TECH)
    vs.
DEFENDANT: AUTOZONE TEXAS LP

In The  281st
Judicial District Court
of Harris County, Texas
281ST DISTRICT COURT
Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: AUTOZONE TEXAS LP (LIMITED PARTNERSHIP) MAY BE OBTAINED BY SERVING ITS
    REGISTERED AGENT FOR SERVICE C T CORPORATION SYSTEM
    800 SOUTH GAY STREET SUITE 2021  KNOXVILLE TN 379299710

Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>15th day of November, 2012</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 21st day of November, 2012, under my hand and
seal of said Court.

<u>Issued at request of:</u>
RIGBY, REN PATRICK JR.
2211 NORFOLK #1150
HOUSTON, TX 77098
Tel: (713) 523-8338
<u>Bar No.:</u> 16916100

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline      Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: SOLIS, ADILIANI A.    4BH/7MM/9436089

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
to the following addressee at address:

_____

ADDRESS

_____

ADDRESSEE

Service was executed in accordance with Rule 106(a)
(2) TRCP, upon the Defendant as evidenced by the
return receipt incorporated herein and attached
hereto at _____

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following
reason: _____

CHRIS DANIEL, District Clerk
HARRIS COUNTY, T E X A S

By _____, Deputy

Certified Document Number: 54020629 - Page 1 of 1

N.INT.CITM.P

EXHIBIT
A-4



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 18, 2012

Certified Document Number:        54020629 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

2012·68158
281st Court

P1



FILED
Chris Daniel
District Clerk

DEC 4 2012

Time:
By:
Harris County, Texas
Deputy



**CHRIS DANIEL**
HARRIS COUNTY DISTRICT CLERK
P. O. Box 4651
HOUSTON, TEXAS 77210-4651

Postage  $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees

Postmark
Here

Sent To
Autozone Texas LP by serving its registered
Street, Apt. No.,   agent C T Corporation System
or PO Box No.   800 South Gay Street, Ste. 2021
City, State, ZIP+4   Knoxville, TN 37929-9710

PS Form 3800, Ju...

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X                          ☐ Agent<br>                            ☐ Addressee |
|  | B. Received by ( Printed Name )   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Autozone Texas LP by serving its registered<br>agent C T Corporation System<br>800 South Gay Street, Ste. 2021<br>Knoxville, TN 37929-9710<br><br>2012-68158<br>281st CRT | D. Is delivery address different from item 1?   ☐ Yes<br>If YES, enter delivery address below:    ☐ No |
|  | 3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. |
|  | 4. Restricted Delivery? (Extra Fee)      ☐ Yes |
| 2. Article Number<br>(Transfer from service label)   7005 3110 0000 2621 2655 |  |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

Certified Document Number: 54105915 - Page 1 of 1



EXHIBIT
A-5

NA



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 18, 2012

Certified Document Number:        54105915 Total Pages:  1

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Filed 12 December 18 P3:44
Chris Daniel - District Clerk
Harris County
ED101J017234960
By: adiliani a. solis

CAUSE NO. 2012-68158

| | | |
|---|---|---|
| H.D.N. CORPORATION d/b/a CAR CARE TECH, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| AUTOZONE TEXAS, L.P., | § § | |
| Defendant. | § § | 281ST JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Defendant AutoZone Texas, L.P. ("Defendant"), Defendant in the above

entitled and numbered cause, and files this its Original Answer to Plaintiff's Original Petition

herein, and for same would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Defendant, in keeping with Rule 92 of the Texas Rules of Civil Procedure, generally

denies all and singular, each and every material allegation contained in Plaintiff's Original

Petition and says that same is not true in whole or in part and demands strict proof thereof by a

preponderance of the evidence before a fair and impartial jury.

### II.
### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.     To the extent that Defendant is found responsible or liable for any of the damages

allegedly sustained by Plaintiff, if at all, then such damage should be offset and Defendant

credited for any benefit received by Plaintiff and/or monies paid to Plaintiff, which originated

from or were provided by Defendant.

Certified Document Number: 54231642 - Page 1 of 3


EXHIBIT
A-6

## SECOND DEFENSE

2.      In the alternative, if Plaintiff has sustained any damages, then such damages should be reduced by the amount that Plaintiff could have reasonably mitigated such damages by proper action and by the amount Plaintiff has actually mitigated such alleged damages, if any.

## THIRD DEFENSE

3.      In the alternative, and by way of affirmative defense, Plaintiff is barred from recovery herein by the applicable Statute of Limitations.

## FOURTH DEFENSE

4.   In the alternative, and by way of affirmative defense, Plaintiff is barred from recovery herein by laches.

## FIFTH DEFENSE

5.   In the alternative, and by way of affirmative defense, Plaintiff is barred from recovery herein by contributory negligence and proportionate responsibility under Chapter 33 of the Texas Civil Practice and Remedies Code.

## SIXTH DEFENSE

6.   In the alternative, and by way of affirmative defense, Plaintiff is barred from recovery herein by reason of deviation.

## SEVENTH DEFENSE

7.   In the alternative, and by way of affirmative defense, Defendant affirmatively asserts and contends that Plaintiff is not entitled to recover prejudgment interest in this case.   If prejudgment interest is recoverable, it is limited in keeping with TEXAS FINANCE CODE ANN., Chapter 304.

DEFENDANT'S ORIGINAL ANSWER – Page 2
1002487.1 3229-1015

## III.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing from it, that Defendant recovers its cost of suit, and for such other and further relief, both special and general, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

BURFORD & RYBURN, L.L.P.

By:  /s/ Simon D. Whiting
SIMON D. WHITING
Texas State Bar No.: 21373600
HEATHER D. JOHNSON
Texas State Bar No.: 24053694

3100 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201-6697
Telephone: 214-740-3119
Facsimile: 214-740-2832
Email: swhiting@brlaw.com

ATTORNEYS FOR DEFENDANT AUTOZONE TEXAS, L.P.

## CERTIFICATE OF SERVICE

In keeping with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE, I hereby certify that a true and correct copy of the foregoing instrument has been served upon all attorneys of record via:

✓  Certified Mail/Return Receipt Requested
_____ Telephonic Document Transfer (Facsimile)
_____ Federal Express/Express Mail
_____ Courier/Receipted Delivery
_____ Registered Mail/Return Receipt Requested
_____ Hand Delivery (In Person)
_____ First Class Mail
_____ Email

DATED: December 18, 2012.

/s/ Simon D. Whiting

DEFENDANT'S ORIGINAL ANSWER – Page 3
1002487.1 3229-1015



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 19, 2012

Certified Document Number:        54231642 Total Pages:  3

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2012-68158

| | | |
|---|---|---|
| H.D.N. CORPORATION d/b/a<br>CAR CARE TECH, | §<br>§<br>§ | IN THE DISTRICT COURT |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| AUTOZONE TEXAS, L.P., | §<br>§ | |
| Defendant. | §<br>§ | 281ST JUDICIAL DISTRICT |

### LIST OF ALL COUNSEL OF RECORD,
### INCLUDING ADDRESSES, TELEPHONE NUMBERS
### AND PARTIES REPRESENTED

Mr. Ren Patrick Rigby, Jr.
SPROTT RIGBY NEWSOM ROBBINS & LUNCEFORD, P.C.
2211 Norfolk
Suite 1150
Houston, Texas 77098
Phone: 713-523-8338
Facsimile: 713-523-9422
Email: rigby@sprottrigby.com
SBN: 16916100
ATTORNEYS FOR PLAINTIFF H.D.N. CORPORATION d/b/a CAR CARE TECH

 AND

Mr. Simon D. Whiting
Ms. Heather D. Johnson
BURFORD & RYBURN, L.L.P.
3100 Lincoln Plaza
500 North Akard Street
Dallas, Texas  75201-6697
Telephone:  214-740-3119
Facsimile:  214-740-2832
Email: swhiting@brlaw.com
Whiting's SBN:  21373600
Johnson's SBN:  24053694
ATTORNEYS FOR DEFENDANT AUTOZONE TEXAS, L.P.



EXHIBIT
B