UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUTOZONE TEXAS, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-3723 |
| | § | |
| H.D.N. CORPORATION; dba CAR CAR TECH, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff H.D.N. Corporation's ("H.D.N.") Motion for Leave to File Amended Pleading (Doc. 17), in which H.D.N. requests leave to add Douglas Villalta ("Villalta") as a defendant. Upon review and consideration of the motion, the response (Doc. 21), and the relevant legal authority, and for the reasons stated below, the Court concludes that the Motion for Leave to File Amended Pleading is denied.

**I.  Background**

H.D.N. claims that Defendant AutoZone's ("AutoZone") employee, Villalta, committed numerous acts of theft against H.D.N. over a period of four to five years. Pet., Doc. 2, Ex. A-2 ¶ 8. H.D.N. spent approximately $5,000 per month purchasing auto parts from AutoZone. *Id.* ¶ 12. Villalta allegedly charged H.D.N. for items it did not purchase and then resold the items to unnamed purchasers. *Id.* H.D.N. did not discover the theft for several years because of the high volume of purchases. *Id.* After discovering the alleged thefts and confronting AutoZone, H.D.N. filed its Original Petition on November 15, 2012 in the District Court of Harris County, Texas, alleging negligent hiring, ratification of its employee's illegal conduct, conversion, violations of the Texas Theft Liability Act, and vicarious liability for its employee's illegal conduct. *Id.* ¶¶ 15,

20, 22, 28, 37. H.D.N. mentioned Villalta in its petition but did not name him as a defendant. On December 26, 2012, AutoZone removed the case to this Court based on diversity jurisdiction. Notice of Removal, Doc. 1.

On April 11, 2013, this Court set a Scheduling Order designating August 30, 2013 as the deadline to add new parties. Scheduling Order, Doc. 10 ¶ 1. H.D.N. received notice of the order and did not object to the scheduled deadline. Nevertheless, on March 17, 2014, nearly seven months after the deadline to add new parties and seventeen days after AutoZone moved for summary judgment, H.D.N. moved for leave to add Villalta as a defendant. Doc. 17 ¶ 6. Joining Villalta would destroy diversity and the Court's subject matter jurisdiction, forcing the Court to remand the action to state court. *Id.* ¶ 12; Doc. 21 at 5.

H.D.N. avers that Villalta, purportedly one of AutoZone's managers, is a necessary party to the litigation because he committed the alleged theft while acting within the scope of his employment. Resp. to Mot. for Summ. J., Doc. 19 ¶¶ 12–13; Doc. 17 ¶ 7. In support of its argument, H.D.N. relies on the Supreme Court's holding in *Foman v. Davis*, 371 U.S. 178, 182 (1962) and Federal Rule of Civil Procedure 15(a)(2), which states, "[t]he court should freely give leave [to amend pleadings] when justice so requires." Doc. 17 ¶ 9. Furthermore, H.D.N. argues AutoZone would not be prejudiced by the amendment because it "has been aware of the potential for Villalta being named as a [d]efendant since the allegations…were first brought to [its] attention." *Id.* ¶ 12. However, despite its argument emphasizing the importance of joining Villalta, H.D.N. gives no explanation for its failure to file a motion before the scheduled deadline.

AutoZone filed a response to H.D.N.'s motion, arguing that it fails to meet the required "good cause standard" to amend pleadings pursuant to Federal Rule of Civil Procedure 16(b)(4).

Doc. 21 at 3. Rule 16(b)(4) states, "[a] schedule may be modified only for good cause and with the judge's consent." According to AutoZone, H.D.N. does not satisfy the "good cause standard" because it fails to provide any reasonable explanation for its delay in joining Villalta as a party when H.D.N. knew of his involvement when it filed its petition. *Id.* at 4–5. Furthermore, AutoZone argues that H.D.N. fails to demonstrate the necessity of joining Villalta, particularly when H.D.N.'s motion would prejudice AutoZone by increasing litigation costs and unduly delaying trial. *Id.* at 5.

## II.     Legal Standard

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman*, 371 U.S. 178 at 182. There is generally a presumption in favor of granting leave to amend and a motion for leave to amend should not be denied unless there is undue delay, bad faith, or dilatory motive on the part of the movant; repeated failure to cure deficiencies; or undue prejudice to the opposing party. *U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 386 (5th Cir. 2003). "Federal Rule of Civil Procedure 15(a) permits leave to amend 'when justice so requires.'" *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (quoting FED. R. CIV. P. 15(a)). However, after a scheduling order's deadline for amending pleadings has expired, a party "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply…." *Id.* at 348 (internal quotations omitted). The good cause standard requires "the party seeking relief to show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing extension." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Four factors are relevant in determining whether the movant has good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in

allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Fahim*, 551 F.3d at 348 (citing *Sw. Bell Tel. Co.* 346 F.3d at 536).

If appealed, the denial of a motion to amend after a scheduled deadline is reviewed for abuse of discretion. *Id.* at 347. A court's refusal to grant leave is an exercise of the court's discretion to control its docket and preserve the integrity of the pretrial order. *See Foman*, 371 U.S. at 182; *Fahim*, 551 F.3d at 348; *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536–37 (5th Cir. 2003). Furthermore, such a denial is consistent with the spirit of the Federal Rules. *See Foman*, 371 U.S. at 182.

### III. Discussion

H.D.N.'s motion is denied because its fails to demonstrate that good cause exists to permit the untimely amendment. Since the inception of the case fourteen months ago, H.D.N. has acknowledged Villalta's role in the alleged claims but never named him as a defendant. H.D.N. had eight months after the removal to add Villalta and failed to do so. Its motion fails to provide any explanation for this prolonged omission. Furthermore, the motion does not offer any newly discovered information that changes Villalta's role from when H.D.N. first filed its petition. H.D.N. fails to show that the scheduled deadline was unreasonable or that it could not have been met despite its due diligence.

Additionally, granting H.D.N.'s motion to join a new party would significantly prejudice AutoZone. H.D.N. argues that AutoZone will not be prejudiced because it has been aware of the potential for Villalta being named as a party. The Court does not agree. AutoZone waited until the agreed deadline to amend the pleadings lapsed to fully brief its motion for summary judgment and develop a record to substantiate its claims based on the operative pleading. Now with the benefit of knowing AutoZone's summary-judgment arguments and its understanding of

the summary-judgment record, H.D.N. seeks to destroy jurisdiction by adding a non-diverse party. At this stage of the litigation, granting H.D.N.'s motion would require AutoZone to undertake additional discovery and re-brief its motion for summary judgment. H.D.N. has not presented an argument that is sufficient to offset this increased litigation cost and prejudice.

Lastly, the Court has broad discretion to expedite pretrial procedures in order to preserve the integrity and purpose of the pretrial motion and maintain court efficiency. *S&W Enters.*, 315 F.3d at 535.

For these three reasons, the undue delay, the substantial prejudice to AutoZone, and this Court's inherent power to control its docket, this case must proceed and H.D.N.'s motion to amend is denied.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that H.D.N.'s Motion for Leave to File Amended Pleading (Doc. 17) is **DENIED**.

**SIGNED** at Houston, Texas, this 14th day of July, 2014.

                                                    MELINDA HARMON
                                   UNITED STATES DISTRICT JUDGE